# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ASHLEY R. BUTLER, | ) | 3:15-cv-00305-RCJ-WGC |
| Plaintiff, | ) | |
| v. | ) | |
| KAREN A. GEDNEY, et al., | ) | **ORDER** |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). On June 10, 2015, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. (ECF No. 3 at 1-2). The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within thirty days from the date of that order. (*Id.* at 2).

On June 25, 2015, Plaintiff filed his second application to proceed *in forma pauperis*. (ECF No. 4). This document, however, was merely a copy of his first application, with a with a different signature date.[1] On June 26, 2015, this Court issued an order denying Plaintiff's second application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. (ECF No. 5). Plaintiff was afforded one last opportunity to cure the deficiencies of his application to proceed *in forma pauperis*, or in the alternative, pay the full filing fee within thirty days from the date of the order. (*Id.*, at 1- 2). On July 16, 2015 Plaintiff submitted a third

---

[1] The CM-ECF filing information for ECF No. 3-1 appears right below the 6/25/15 CM-ECF stamp for ECF No. 4.

application to proceed *in forma pauperis* (ECF No. 6). However, this application suffers from the same infirmities as did Plaintiff's prior two applications in that Plaintiff did not attach a copy of his inmate account statement for the past sixth months and a properly executed financial certificate.[2] The thirty-day period allowed in ECF No. 5 has now expired.

As of this date, Plaintiff has not filed a complete application to proceed *in forma pauperis*, paid the full filing fee, or otherwise further responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in

---

[2] The CM-ECF filing information for ECF. No. 4 appears below the filing information for ECF No. 6, but the last page has been changed to reflect a new signature date.

expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file another application to proceed *in forma pauperis* or pay the full filing fee within thirty days expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff's next application to proceed *in forma pauperis* is incomplete, the Court will dismiss the case, without prejudice, for Plaintiff to file a new case when he is able to acquire the necessary documents to file a complete application to proceed *in forma pauperis*." (ECF No. 5 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file another application to proceed *in forma pauperis* or pay the full filing fee within thirty days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a complete application to proceed *in forma pauperis* or pay the full filing fee in compliance with the Court's June 10, 2015 and June 26, 2015 Orders.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

Dated: This 31st day of July, 2015.

_____
United States District Judge